UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

A.P.,

       Plaintiff,

-against-                                                                                   25 Civ. 1706 (CM)(BCM)

HARVEY WEINSTEIN et al,

       Defendants.

------------------------------------------------------------------x

### MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF LEAVE TO PROCEED ANONYMOUSLY

McMahon, J.:

    A.P. brings the latest in a series of "Me Too" lawsuits against the notorious Harvey Weinstein, his former company Miramax, and the Walt Disney Company, which owned Miramax between 1993-2009, the period during which the incidents underlying this lawsuit allegedly took place. She has filed her one count complaint pursuant to the New York City Victims of Gender Motivated Violence Protection Action, alleging that Weinstein sexually assaulted her and a friend in 2003. She seeks leave to proceed anonymously.

    That motion is denied.

    There is a strong presumption against allowing a plaintiff to proceed anonymously, even in a lawsuit where the events in suit are unsavory – as the events in suit here surely are. Federal court proceedings and records are presumptively public absent a showing of exceptional circumstances. *Sealed Plaintiff v. Sealed Defendant*, 537 F. 3d 185, 188-89 (2d Cir. 2008); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2021). There follows an analysis of the ten factors identified by the Second Circuit's as matters to consider when deciding an application for leave to file suit anonymously:

    1.    *Does the litigation involve matters that are highly sensitive and of a personal nature?* Yes, it does. But that is not dispositive; many courts in this district have denied requests to allow plaintiffs to proceed pseudonymously in suits of this nature.

    2.    *Does identification of the plaintiff pose a risk of retaliatory physical or mental harm to the party or to innocent non-parties?* Here, the answer is no. First of all, Plaintiff admits that the defendants are aware of who she is, so keeping her name confidential would not protect

her from retaliation if defendants were of a retaliatory bent. Second, Mr. Weinstein is presently serving a lengthy jail sentence pursuant to a California conviction, while undergoing retrial here in New York City on equally serious criminal charges. He is disgraced, incapacitated, and in no position to cause Plaintiff any further harm or to retaliate against her for commencing or maintaining this lawsuit. Indeed, over 80 women have sued Mr. Weinstein over the past eight years -- many under their own names -- but plaintiff has pointed to not a single instance since the "Me Too" era began in 2017 when a plaintiff who sued Mr. Weinstein was the victim of physical or mental retaliation at his hand. Third, plaintiff suggests no basis for inferring that either of the corporate defendants would retaliate against her.

Plaintiff asserts that she will suffer mental anguish if required to proceed under her own name, but she offers no corroborating evidence from a medical professional, and her own bare assertion is insufficient. *Doe v. Combs*, 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024); *reconsideration denied*, 2025 WL 950685 at *3 (S.D.N.Y. Jan. 22. 2025). As for plaintiff's friend and former roommate "Jane Doe" – who was allegedly assaulted along with the plaintiff – plaintiff fails to convince the court that requiring A.P. to bring suit in her own name would "out" Jane Doe, let alone that Doe would suffer any adverse consequences as a result. Furthermore, the person who is responsible for any damage to Jane Doe is plaintiff herself. Plaintiff chose to include allegations about Doe -- an individual who has not commenced a lawsuit and who is not seeking any relief against Weinstein -- in her complaint. Those allegations were and are completely unnecessary to plead plaintiff's purely individual claim. One suspects that the Jane Doe allegations were included in order to manufacture a reason why plaintiff should be allowed to proceed anonymously, since including them was not necessary to pleading an actionable claim. If Plaintiff really cares about her friend, she is in a position to keep her name out of this matter, by the simple expedient of amending her complaint to strike the extraneous matter. And if at some point Jane Doe's situation comes up during discovery and Jane Doe feels that her identity requires protecting, she is free to petition the court for a protective order in her own right.

3. *Would identifying the plaintiff present other harms, and if so, how severe would those harms be?* The answer is no: Plaintiff makes no argument under this factor; she identifies no harm other than the harms discussion in the response to Question 2, above.

4. *Is the plaintiff particularly vulnerable to possible harms resulting from disclosure, especially given her age?* The answer is again no. Plaintiff is an adult at this time, and there is no indication that she was under age at the time of the alleged assault. As my colleague Judge Vyskocil concluded in *Doe v. Weinstein*, 484 F. Supp. 3d 90, 96 (S.D.N.Y. 2000) – five years and many lawsuits against Weinstein ago – there is no basis to treat A.P. as more vulnerable than the mine run of adult plaintiffs who bring allegations of sexual assault in their own names.

5. *Does the lawsuit challenge the actions of the government?* No, it does not; this is a lawsuit between and among purely private parties. Courts are disinclined to grant anonymity in lawsuits between private actors. *Doe v. Weinstein, supra.*, 484 F. Supp. 3d 96.

6. *Are the defendants prejudiced by allowing the Plaintiff to proceed anonymously, and if so, can that prejudice be mitigated by the court?* Yes, the defendants would be prejudiced. It is fundamentally unfair to require defendants – most especially the corporate defendants – to

defend themselves publicly from accusations made by an anonymous plaintiff. *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015). The asymmetry in fact-gathering that results from allowing a plaintiff to proceed anonymously both prejudices defendants and hinders accurate fact-finding, because information about only one side may come to light. *Doe v. Del Rio*, 241 F.R.D.154, 159 (S.D.N.Y. 2006); *Doe v. Weinstein, supra.*, 484 F. Supp. 3d at 97-98; *Rapp*, supra., 537 F. Supp. 3d at 531. The moving corporate defendants no less than Plaintiff face the possibility of significant reputational damage as well, given her allegation that they enabled Weinstein to commit crimes of violence. Allowing plaintiff to proceed anonymously could impact their efforts to mitigate that damage. *Combs, supra.*, 2025 WL 268515 at *4.

7.      *Has plaintiff's identity has thus far been kept confidential?* The answer is yes and no. It has not appeared on the public docket of this court or in the press, but this lawsuit has not been pending for very long – just a couple of months – and A.P.'s name is, by her own admission, known to the defendants. So while Plaintiff claims to have taken steps to preserve her anonymity, this factor does not weigh heavily in favor of anonymity.

8.      *Is the public interest furthered by requiring Plaintiff to disclose her identity?* Yes, it is – and of equal importance, the public interest is not compromised by requiring Plaintiff to disclose her identity.

The generalized public interest in open proceedings is strong, and at least one of my colleagues concluded long ago that the public has a particularized interest in knowing who accuses Weinstein of abusing his position to obtain sexual gratification. *Weinstein*, supra., 484 F. Supp. 3d at 97. I acknowledge that, if Plaintiff is not herself a public figure (and I have no idea whether she is or not, because I do not know who she is), the public interest in knowing her name is perhaps less compelling than it would be if she were someone like Gwyneth Paltrow, Cate Blanchett, Rose McGowan or Asia Argento – women who, like many of Weinstein's accusers, are public figures in their own right. But that does not mean there is no public interest in having her put her name to her accusations. Were the case to go to a public trial, there is no way Plaintiff would be allowed to remain anonymous. That augurs against allowing her to proceeding anonymously during pretrial proceedings.

Plaintiff is correct that there is a public interest in having victims of sexual abuse come forward (although she makes that argument in connection with Factor 9, rather than Factor 8, as to which I think it more relevant). But it is not at all clear that anonymity leads to that salutary result – at least, not where Harvey Weinstein is concerned. Literally dozens of women have publicly accused Harvey Weinstein of sexual assault; as of the date of this opinion, Wikipedia lists 109 separate names.[1] Not nearly all of these women are well known persons; some of them are undoubtedly very private people. This being so, one simply cannot conclude that Weinstein's victims have been or will be deterred from coming forward if their names were to become public. Rather, the fact that so many women have been willing to lend their names to their claims against this man may well have emboldened other victims to bring their own allegations to light. The public interest in achieving a wholesale reckoning of Weinstein's wrongful activity is very great indeed; disclosure rather than anonymity would appear to advance that interest.

---

[1] https://en.wikipedia.org/wiki/Harvey_Weinstein_sexual_abuse_cases, May 1, 2025.

9.   *Is there an atypically weak public interest in knowing the identity of the litigants because the issues in the case are purely legal?* The answer is a resounding no. This case involves allegations of fact, not legal challenges to public policy; ergo, the public interest in knowing the identity of the litigants is not atypically weak. And while plaintiff argues that this factor supports anonymity because of the public interest in encouraging victims of sexual assault to come forward, this argument actually addresses the factor discussed in paragraph 8 above; it has little or nothing to do with Factor 9. To the extent that it does, I have addressed the argument and found it wanting.

10.   *Finally, are there alternative mechanisms that can be used to protect Plaintiff's privacy interests?* The answer is yes. Discovery can be made subject to a protective order; sensitive details can be redacted from public filings.

In sum, no more than two factors even arguably support allowing plaintiff to proceed anonymously, while the overwhelming number of factors support the conclusion that, if Plaintiff wishes to bring suit, she should put her name on the complaint. In this I agree with my many colleagues who have denied similar motions in lawsuits against Weinstein, Sean Combs, and others. Plaintiff has not demonstrated that exceptional circumstances should allow her to proceed anonymously in contravention of the usual rule.

Therefore, Plaintiff's motion to be allowed to proceed anonymously is denied. She is directed to file a new complaint under her own name within twenty days of this decision.

This is a written decision. The Clerk of Court is directed to remove the motion at Docket #8 from the court's list of open motions.

Dated: May 14, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL